JCC: USAO 2018R00498



FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2019 MAR 28  AM 11: 46

CLERK'S OFFICE
AT GREENBELT

BY_____/s/_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | CRIMINAL NO. PWG 19cr157 |
| | * | |
| **BETTY ANN GARNER-NEWBY,** | * | (Theft of Government Property, |
| | * | 18 U.S.C. § 641; Aiding and Abetting, |
| Defendant | * | 18 U.S.C. § 2; Forfeiture, 18 U.S.C. |
| | * | § 981(a)(1)(C), 21 U.S.C. § 853(p), |
| | * | 28 U.S.C. § 2461(c)) |
| | * | |

*******

## INFORMATION

### COUNT ONE
(Theft of Government Property)

The United States Attorney for the District of Maryland charges that:

**Introduction**

At all times relevant to this Indictment:

1. **BETTY ANN GARNER-NEWBY ("GARNER-NEWBY")** was a resident of Maryland.

2. The federal Civil Service Retirement System ("CSRS") was a retirement system that covered federal civil service employees. CSRS provided, among other things, retirement annuity benefits for most federal employees whose federal service commenced on or before December 31, 1983.

3. The U.S. Office of Personnel Management ("OPM") administered the CSRS program, including payments made pursuant to that program.

4. Victim A was a former federal employee who was enrolled in the CSRS and became eligible to receive a federal retirement annuity in September 1973. Victim A died on or about April 12, 1993.

5. **GARNER-NEWBY** was Victim A's daughter and was identified as the informant on Victim A's death certificate.

6. **GARNER-NEWBY** failed to notify OPM of Victim A's death.

7. In and around September 1993, **GARNER-NEWBY** signed and submitted to OPM: (a) an OPM Form RI 38-107 indicating that Victim A was not deceased; and (b) an OPM form entitled Follow Up Notification of Possible Suspension of Annuity Payments changing Victim A's address to **GARNER-NEWBY**'s home address. **GARNER-NEWBY** forged Victim A's signature on the OPM Form RI 38-107.

8. In and around April 1995, **GARNER-NEWBY** submitted to OPM an OPM Form RI 38-107 indicating that Victim A was not deceased.

9. OPM would have ceased making retirement annuity payments to Victim A had **GARNER-NEWBY** not submitted these forms.

10. After Victim A's death, OPM continued to make monthly retirement annuity payments to Victim A. These payments were deposited into a Hancock Whitney Bank checking account held jointly in the names of Victim A and **GARNER-NEWBY**.

11. **GARNER-NEWBY** then deposited and caused to be deposited checks drawn from the Hancock Whitney Bank checking account, signed by **GARNER-NEWBY** and made payable to **GARNER-NEWBY**, into an account held by **GARNER-NEWBY** at Bank of America.

12. Because **GARNER-NEWBY** did not report Victim A's death to OPM, between in and around May 1993 and in and around November 2017, OPM continued to pay retirement annuity payments to victim A, resulting in a loss to the United States Government of $326,091.

## The Charge

13. Between in and about May 1993 and in and about November 2017, in the District of Maryland and elsewhere, the defendant,

**BETTY ANN GARNER-NEWBY,**

did embezzle, steal, purloin, and knowingly convert to her use and the use of another, any money and thing of value of the United States and any department and agency thereof, with an aggregate value that exceeded $1,000, that is, Civil Service Retirement System annuity benefits payments to which she was not entitled.

18 U.S.C. § 641
18 U.S.C. § 2

## FORFEITURE ALLEGATION

The United States Attorney for the District of Maryland further finds that:

1. Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the defendant's conviction under Count One of this Information.

### Theft of Government Property Forfeiture

2. As a result of the offense set forth in Count One of this Information, the defendant,

**BETTY ANN GARNER-NEWBY,**

shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such violation, including but not limited to at least $325,191 in United States currency.

### Substitute Assets

3. If any of the property described above as being subject to forfeiture, as a result of any act or omission of any defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or,

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property, that is, at least $325,191.

18 U.S.C. § 981(a)(1)(C)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

Date: March 28, 2019

Robert K. Hur
United States Attorney